# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DESCHAUN STEWART**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**　　　　　　　　　　　　　　　　　**NO. 18-166-SDD-EWD**

**WAL-MART LOUISIANA, LLC, ET AL.**

## NOTICE AND ORDER

This is a civil action involving claims for damages based upon the injuries allegedly sustained by Deschaun Stewart ("Plaintiff") as a result of a slip and fall that allegedly occurred on or about January 31, 2017.[1] On or about January 24, 2018, Plaintiff filed a Petition for Damages against Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[2] The matter was removed to this Court by Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. on February 21, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3]

The Notice of Removal alleges that this case meets the amount in controversy necessary for the Court to exercise federal subject matter jurisdiction based on the following:

> 3. The suit seeks damages from Wal-Mart for damages injuries [sic] sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter located in Baton Rouge, Louisiana, on January 31, 2017.
>
> 4. Plaintiff alleges in Paragraph 7 of the Petition that as a result of the aforementioned accident, she suffered injuries including but not limited to her hip, shoulder, neck and back. The nature of the treatment plaintiff has received is not detailed. In Paragraph 8, plaintiff itemizes her damages to include physical pain and suffering - past, present and future; mental anguish and emotional distress - past present and future; loss of enjoyment of life, medical expenses

---

[1] R. Doc. 1-1 at ¶¶ 2 & 3.
[2] R. Doc. 1-1.
[3] R. Doc. 1 at Introductory Paragraph.

> past, present and future; lost wages - past, present and future; impairment of earning capacity and disability. The Petition fails to provide a general allegation that the claim exceeds or is less than the amount necessary to provide lack of jurisdiction of federal court due to insufficiency of damages. La. C.C.P. Article 893.
>
> . . . .
>
> 8. Plaintiff has alleged injuries and damages that, if true, which defendant vehemently denies, place an amount in controversy which exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm,* No. 06-560, slip op.
>
> 9. While Wal-Mart admits no liability, nor any element of damages, Wal-Mart has met its burden of showing that the amount in controversy is in excess of SEVENTY- FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.[4]

It is not apparent from the face of the Petition for Damages or the Notice of Removal that Plaintiff's claims in this matter are likely to exceed $75,000. In the Petition, Plaintiff alleges that as a result of the fall, she suffered injuries to her hip, shoulder, neck and back and incurred the following damages: (1) past, present and future pain and suffering; (2) mental anguish and emotional distress; (3) loss of enjoyment of life; (4) past, present and future medical expenses; (5) past, present and future lost wages; (6) impairment of earning capacity and (7) disability.[5]

Although the Petition asserts that Plaintiff suffered injuries to her hip, shoulder, neck and back as a result of the fall, there is no indication of the nature or severity of Plaintiff's injuries. "'Courts have routinely held that pleading general categories of damages, such as "pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.," without any indication of the amount of the damages sought, does not provide sufficient information for the

---

[4] R. Doc. 1 at ¶¶ 8 & 9.
[5] R. Doc. 1-1 at ¶¶ 7 & 8.

removing defendant to meet his burden of proving that the amount in controversy is satisfied under the "facially apparent" test.'" *Howland v. Fernandez*, Civ. A. No. 15-780-JJB-RLB, 2016 WL 3746171, at *3 (M.D. La. June 3, 2016); *See*, *Davis v. JK & T Wings, Inc.*, Civ. A. No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and numerous cases cited therein. Thus, it is not facially apparent from the Petition that the amount in controversy is satisfied in this case.

Although Plaintiff has not filed a Motion to Remand, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter, specifically, whether the amount in controversy requirement has been met. *See, McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

Accordingly,

**IT IS HEREBY ORDERED** that Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. shall file a memorandum and supporting evidence concerning subject matter jurisdiction under 28 U.S.C. § 1332(a) within ten (10) days of the date of this Notice and Order, and that Plaintiff shall either file a memorandum and supporting evidence regarding subject matter jurisdiction or a Motion to Remand for lack of subject matter jurisdiction within ten (10) days after the filing of the supplemental memorandum by Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. The supplemental memoranda shall be limited to ten (10) pages and shall specifically address whether the amount in controversy is satisfied in this case. Once the Court has reviewed the supplemental memoranda, the Court will either allow the case to proceed if jurisdiction is present or address the Motion to Remand filed by Plaintiff.

Signed in Baton Rouge, Louisiana, on February 22, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**